UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL JAMES CARPENTER,

        Plaintiff,        Case No. 1:13-cv-313

v.        Honorable Robert Holmes Bell

MICHIGAN DEPARTMENT OF
CORRECTIONS TIME COMPUTATION
UNIT et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Michael James Carpenter is a state prisoner incarcerated by the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility. Defendants are: Michigan Attorney General Bill Schuette, MDOC Director Daniel Heyns, Grand Traverse County, Lenawee County, Grand Traverse County Circuit Court, and the MDOC Time Computation Unit.

In 2007, Plaintiff pleaded guilty in Grand Traverse County Circuit Court, case no. 0710405-FH, to four counts of possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4)(a).[1] In October 2007, he was sentenced to two to four years of incarceration for each count. Plaintiff contends that the foregoing sentences run concurrently.

In 2008, Plaintiff pleaded guilty in Lenawee County Circuit Court, case no. 0813865-FH, to assault on a prison employee, Mich. Comp. Laws § 750.197c(1). In August 2008, he was sentenced to three years and four months to five years of incarceration for the latter conviction. In his *pro se* complaint, Plaintiff alleges that Defendants, collectively, have violated his constitutional rights by requiring him to serve the latter sentence consecutively to his sentence for possession of child sexually abusive material. Specifically, he contends that Lenawee County (acting through the Lenawee County Circuit Court) violated the Double Jeopardy Clause by "add[ing] time" to his existing sentence for possession of child sexually abusive material, and that Grand Traverse County (acting through the Grand Traverse County Circuit Court) violated the Double Jeopardy Clause when it refused to grant an order discharging his sentence in case no. 0710405-FH. (Compl., docket #1, Page ID#1.) Plaintiff claims that the MDOC Time Computation Unit has violated his

---

[1] The Court takes judicial notice of Plaintiff's convictions and sentences from his profile on the MDOC Offender Tracking Information System (OTIS). *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=442122 (visited Apr. 23, 2013).

rights because it refuses to address the issue, and that the MDOC and Defendant Schuette have conspired to violate his rights because they also refuse to address the issue.

Plaintiff further claims that Defendants have violated his constitutional rights by "adding time" to his sentences in case no. 0710405-FH, and by keeping them "active" for nineteen months past their discharge date. (Compl., docket #1, Page ID#2.) Plaintiff asserts that his sentences in that case should have expired in 2011, four years after his conviction, and that keeping them active has hindered his ability to obtain parole.

Plaintiff does not specify the form of relief that he seeks in this action.

## **Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). The Supreme Court, however, has limited the availability of § 1983 actions for suits, like Plaintiff's, that challenge the validity of a sentence or the duration of a prisoner's confinement. As the Sixth Circuit has explained:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him

> of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

Thus, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484, 494 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). A state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S. at 486-87; *see Edwards*, 520 U.S. at 646-48. In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff's action challenges the validity of his sentence, or its computation, and necessarily calls into question the duration of his confinement. *Cf. Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (applying *Heck* to a claim challenging the computation of a prisoner's sentence). Consequently, his action is not cognizable under § 1983 unless and until his sentence, or its duration, has been reversed, expunged or declared invalid by a state tribunal, or called into question by a

federal court's issuance of a writ of habeas corpus. Therefore, because Plaintiff's action is not cognizable, it will be dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: May 9, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE